UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILSON BARNETTE, | No. 2:23-cv-2632 AC P |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has no filed an in forma pauperis application or paid the required filing fees. See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff will be provided the opportunity either to submit the appropriate application in support of a request to proceed in forma pauperis or to submit the required fees.

The court further notes that, while plaintiff has used the form for civil rights actions, his allegations relate to the constitutionality of his conviction. ECF No. 1. He seeks the reversal of his conviction, immediate release from custody, and monetary compensation. Id. at 25. The validity of a conviction can be challenged only in habeas corpus, which requires the filing of a petition for habeas corpus under 28 U.S.C. § 2254. Reversal of a conviction and release from custody are habeas remedies; they cannot be achieved through a civil rights action. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("habeas corpus is the exclusive remedy to attack the legality of the conviction or

sentence"). Accordingly, to the extent plaintiff seeks to challenge his conviction and sentence in a civil rights action, he fails to state a claim for relief. To challenge his conviction, plaintiff must file a habeas petition.

Monetary compensation, on the other hand, cannot be obtained in habeas but only in a civil rights lawsuit. However, a claim to recover monetary damages is not cognizable under § 1983 if success on the claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). In order to recover damages, a § 1983 plaintiff must prove that his conviction has *already* "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus." Id. at 486-87. Since it is clear from the relief requested that plaintiff's conviction has not been overturned, his claim for damages also fails.

For these reasons, in addition to filing a completed application to proceed in forma pauperis, plaintiff will be required to clarify whether he is attempting to bring a habeas petition or a civil rights action.[1] If plaintiff is attempting to bring a habeas petition, he must file an amended petition on the form provided by the court. If plaintiff does not file an amended petition, the court will assume he wants to proceed with this case as a civil rights action and the undersigned will recommend dismissal of the complaint for the reasons set forth above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the service of this order, a fully completed in forma pauperis application or the applicable filing fee. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

2. Within thirty days of the service of this order plaintiff shall either (1) notify the court that he wants to proceed with this case as a civil rights action, or (2) file an amended petition for

---

[1] It is also necessary to determine what type of action this is because the filing fee requirements are different for habeas petitions and civil rights actions. The filing fee in a habeas action is $5.00, and is waived if the prisoner is granted in forma pauperis status. On the other hand, the filing fee for a civil rights action is $350.00 and the prisoner is obligated to pay the fee over time from his trust account even if he is granted leave to proceed in forma pauperis.

writ of habeas corpus on the form provided by the court. The amended petition must bear the docket number assigned this case. If plaintiff does not notify the court that he would like to proceed on the complaint as filed or file an amended petition, the court will assume he is choosing to proceed with this case as a civil rights action and recommend dismissal of the complaint for the reasons set forth above.

      3. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner and a copy of the form for application for writ of habeas corpus used in this district.

DATED: November 16, 2023

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE