UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILSON BARNETTE, | No. 2:23-cv-2632 AC P |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. By order filed November 17, 2023, the court noted that while plaintiff had used the form for a civil rights action, his allegations related to the constitutionality of his conviction rather than the conditions of his confinement. ECF No. 3. Plaintiff was therefore ordered to either (1) notify the court that he wanted to proceed with this case as a civil rights action or (2) file an amended petition for writ of habeas corpus on the form provided by the court. Id. He was further cautioned that if the case proceeded as a civil rights action, it would be recommended that the action be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994). Id. Plaintiff has now filed a motion for a stay under Rhines v. Weber, 544 U.S. 269 (2005), while he exhausts state court remedies and states that he "does not wish to proceed with case as a civil rights action at this time." ECF No. 5. He has not, however, filed a petition for writ of habeas corpus on the form provided.

////

A <u>Rhines</u> stay is available for (1) a petition containing only unexhausted claims, or (2) a petition that is "mixed" (contains both exhausted and unexhausted claims) and preserves the federal filing date for unexhausted claims contained in the federal petition. See <u>Mena v. Long</u>, 813 F.3d 907, 910 (9th Cir. 2016). Because there is presently no habeas petition before the court, there is nothing to stay.

In order to obtain a stay under <u>Rhines</u>, a petitioner must show that (1) good cause exists for his failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not intentionally delayed pursuing the litigation. <u>Rhines</u>, at 544 U.S. at 277-78. Even if there were a petition before the court in this case, plaintiff has failed to address any of the factors necessary for granting a stay under <u>Rhines</u>. The motion for stay will therefore be denied without prejudice to a motion in the proper form.

Plaintiff is cautioned that the court will not consider a motion to stay without a habeas petition pending.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for stay (ECF No. 5) is DENIED without prejudice to a motion in the proper form.

DATED: December 4, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2