UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILSON BARNETTE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | No. 2:23-cv-2632 TLN AC P<br><br>**NOTICE TO PRO SE HABEAS PETITIONER REGARDING EXHAUSTION** |

    Respondent has filed a motion to dismiss your petition on the ground that some of your claims are unexhausted. ECF No. 17. Federal law requires any habeas claim to be presented first to the state courts in order to correct any constitutional error. See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982) (explaining why federal habeas petitioners must exhaust claim by giving state courts the first opportunity to correct constitutional error); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that exhaustion requires the completion of "one complete round" of state court review).

    If you have not yet presented all of your claims to the highest state court, you may request the federal court to place your federal habeas petition on hold while you return to state court(s) in order to fully exhaust your claim(s). This is referred to as a "stay and abeyance." Federal law provides for two very different types of a stay and abeyance. Any motion you file for a stay should specify which type of stay you are seeking.

////

1

The first type of a stay is referred to as a "Rhines" stay. See Rhines v. Weber, 544 U.S. 269, 278 (2005). The court may stay a habeas petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). You should address all three of these factors if you are requesting a Rhines stay. If the court grants your request for a Rhines stay, the entire federal habeas petition including the unexhausted claim(s) will be put on hold. It does not require you to file any amended federal habeas petition.

The second type of a stay is referred to as a "Kelly" stay. In Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and, (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. This is a more cumbersome procedure than a Rhines stay because it requires you to file multiple amended federal habeas petitions, but it does not require a petitioner to demonstrate good cause for the failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). However, a Kelly stay runs the risk of preventing review on the merits of any unexhausted claim for relief due to the one-year statute of limitations governing federal habeas claims. See King, 564 F.3d at 1140-41 (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them **only** if those claims are determined to be timely. Demonstrating timeliness will often be problematic under the now-applicable legal principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1) (stating that a one-year period of limitation shall apply to all federal habeas petitions challenging a state court judgment).

Nothing in this notice prevents you from returning to state court while there is a pending motion to dismiss your federal habeas petition based on lack of exhaustion. If the state court

issues a ruling on your constitutional claim(s) while your federal habeas case is pending, you should file a "Notice of Exhaustion" in this court along with a copy of the state court ruling.

Even if you would like to request a stay of this case under either Rhines or Kelly, you are still required to respond to the pending motion to dismiss. If chose to request a stay, you may do so either as part of your response to the motion to dismiss or as a separate motion to stay.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the service of this order, petitioner shall file a response to respondent's motion to dismiss. Failure to do so may result in a recommendation that this action be dismissed.

2. Within thirty days of the service of this order, petitioner may file a motion for stay under Rhines or Kelly, as set forth above.

DATED: March 18, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE