UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILSON BARNETTE,<br><br>Petitioner,<br><br>v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>Respondents. | No. 2:23-cv-2632 TLN AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court are respondent's[1] motion to dismiss the petition as unexhausted and petitioner's motions to stay. ECF Nos. 17, 20, 26.

I. Factual Background and Procedural History

  A. State Court Conviction and Sentence

On June 30, 2015, petitioner was sentenced to a determinate term of five years for shooting at an occupied vehicle, an indeterminate term of twenty-five years to life for murder, life

////

---

[1] Respondent requests that Janan Cavagnolo, the warden of California State Prison-Solano where petitioner is currently incarcerated, be substituted as respondent in the case. ECF No. 17 at 1 n.1. The request will be granted and the Clerk of Court will be directed to update the docket accordingly.

1

with the possibility of parole for attempted murder, and two terms of twenty-five years to life for firearm enhancements. ECF No. 16-1.

### B. Direct Appeal

Petitioner, through counsel, appealed his conviction to the California Court of Appeal, Third Appellate District and the court affirmed his conviction but remanded the matter to permit the trial court to exercise its discretion concerning whether to strike or dismiss the firearm-discharge enhancements. ECF No. 16-2 at 26. Petitioner sought review in the California Supreme Court on the following grounds: (1) the trial court erred by not instructing the jury on the lesser offense of voluntary manslaughter; (2) the trial court erred by denying petitioner's motion for mistrial after jurors witnessed an incident between petitioner's family outside the courtroom; (3) the trial court erred by denying petitioner's motion to substitute appointed counsel; (4) trial counsel was ineffective when he failed to request a continuance to locate a potential witness; (5) there was insufficient evidence to sustain the conviction for attempted murder; (6) there was insufficient evidence to sustain the conviction for shooting at an occupied vehicle; and (7) alternate theory of conscious indifference cannot be used to affirm conviction for shooting at an occupied vehicle where theory was not presented to jury. ECF No. 16-3. On February 20, 2019, the California Supreme Court denied review. ECF Nos. 16-4.

On November 4, 2019, the trial court declined to strike the enhancements and petitioner's sentence remained as originally imposed. ECF No. 16-5. Petitioner appealed and on November 13, 2020, the Court of Appeal remanded the matter for the trial court to consider petitioner's post-sentencing behavior when determining whether to strike or dismiss the enhancements. ECF No. 16-6 at 4. On remand, the trial court declined to strike the enhancements, and the Court of Appeal affirmed the decision on January 22, 2024. ECF Nos. 16-7, 16-8.

Petitioner filed a petition for review with the California Supreme Court on the following grounds: (1) the trial court failed to weigh the rebuttable presumption that the enhancements should be stricken in furtherance of justice against evidence that dismissal would endanger public safety; (2) the trial court failed to exercise its discretion to consider mitigating witness statements that were presented for the first time in the pleadings on the motion; and (3) defense counsel was

ineffective for failing to adequately apprise the court of the scope of its discretion. ECF No. 16-9. On April 17, 2024, the California Supreme Court denied review. ECF No. 16-10.

### C. Federal Petition

The instant petition was originally filed as a civil rights action pursuant to section 1983 in which petitioner made allegations related to the constitutionality of his conviction. ECF No. 1. Petitioner was advised that he could only challenge the validity of his conviction in habeas corpus and was given the option of proceeding with the action as a civil rights complaint or filing an amended petition to proceed with a petition for writ of habeas corpus. ECF No. 3. Petitioner proceeded to file the instant petition seeking relief on the following grounds: (1) prosecutorial misconduct due to failure to disclose exculpatory evidence before the preliminary hearing, trial, or sentencing; (2) petitioner's sentence was unauthorized under state sentencing laws because he should not have been sentenced to full terms on each consecutive term; and (3) petitioner's Sixth Amendment right to confrontation was violated when hearsay testimony was introduced at trial. ECF No. 7.

Respondent filed a motion to dismiss the petition as unexhausted. ECF No. 17. Following respondent's motion to dismiss, the court issued a notice to petitioner advising him of the exhaustion requirement and the legal standards for staying a habeas case. ECF No. 19. Petitioner opposed the motion and moved for a stay and abeyance. ECF Nos. 20, 24. Respondent opposed the motion for stay, and after briefing on both motions was complete petitioner filed another motion for stay. ECF No. 26. In his second motion for stay, petitioner stated that he has filed a petition in the California Supreme Court, assigned Case No. S291711, which raises the claims in the instant petition. ECF No. 26.

## II. Motion to Dismiss

### A. Parties' Positions

Respondent moved to dismiss the entire petition on the ground that it is unexhausted because none of the claims have been presented to the California Supreme Court. ECF No. 17. Petitioner concedes that his petition is unexhausted but argues that the court can correct his unauthorized sentence at any time. ECF No. 24. Prior and subsequent to filing his opposition to

1  the motion to dismiss, petitioner moved for a stay under Rhines v. Weber, 544 U.S. 269 (2005).

2  ECF Nos. 20, 26.  Respondent objected to a stay under Rhines.  ECF No. 21.

3        B.  Exhaustion

4      Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas

5  petitioners are required to exhaust state remedies before seeking relief in federal court.  28 U.S.C.

6  § 2254(b).  A petitioner satisfies the exhaustion requirement by fairly presenting all federal claims

7  to the highest state court before presenting them to the federal court.  Baldwin v. Reese, 541 U.S.

8  27, 29 (2004) (citations omitted).  Respondent asserts that the grounds of the federal petition have

9  not been presented to the California Supreme Court and are therefore unexhausted (ECF No. 17),

10  which petitioner conceded at the time he filed his opposition (ECF No. 24 at 1).  Review of the

11  instant petition and petitioner's state court proceedings confirm that the petition was wholly

12  unexhausted at the time of filing.  Compare ECF No. 7 with ECF Nos. 16-3, 16-9.

13      In this case, the court need not resolve whether petitioner is entitled to a Rhines stay and

14  abeyance because the California Supreme Court denied the petition in Case No. S291711 on

15  November 12, 2025, and petitioner has now fully exhausted his claims.[2]  In light of the California

16  Supreme Court's ruling, the undersigned finds that petitioner has properly exhausted his claims

17  and the motion for stay and motion to dismiss based on lack of exhaustion should be denied as

18  moot.  See Dailey v. Smith, No. 2:24-cv-2249 TLN SCR, 2025 WL 2604082, at *2, 2025 U.S.

19  Dist. LEXIS 162909, at *5 (E.D. Cal. Aug. 21, 2025) (recommending denial of motion to stay

20  and motion to dismiss as moot after state supreme court denied petition while motions were

21  pending), adopted by 2025 WL 2762394, 2025 U.S. Dist. LEXIS 190588 (E.D. Cal. Sept. 26,

22  2025).

23      However, as respondent points out in the opposition to the motion for stay, Claim Two

24  alleges misapplication of state sentencing laws.  See ECF No. 7 at 7 (alleging "unauthorized

25  sentence under one-third the midterm rule, and single occasion rule under pen c § 654").

---

[2] See Docket for California Supreme Court Case No. S291711, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=3135133&doc_no=S291711&request_token=NiIwLSEnTkg9WzApSCItXEtIQFQ0UDxTKiJOWztTICAgCg%3D%3D [https://perma.cc/2DPD-2RZ7].

Challenges to a state court's interpretation or application of state sentencing laws do not give rise to a federal question cognizable in federal habeas. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citation omitted)); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law" (citation omitted)). Therefore, regardless of whether Claim Two is exhausted, it should be dismissed.

### C. Conclusion

As set forth above, the petition is now exhausted, mooting the motion to dismiss and motion for stay. However, Claim Two is not cognizable in federal habeas and should be dismissed. This case should proceed on Claims One and Three.

### III. Plain Language Summary of this Order for a Pro Se Litigant

Because the petition is now exhausted, the motion to stay and motion to dismiss are moot and should be denied. However, Claim Two raises only state law issues and therefore does not state a claim for federal habeas relief and should be dismissed.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that respondent's request to substitute (ECF No. 17 at 1 n.1) is GRANTED. Janan Cavagnolo, the current warden at California State Prison-Solano, is substituted as respondent and the Clerk of the Court is directed to update the docket accordingly.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's motions for a stay (ECF Nos. 20, 26) be DENIED as moot;

2. Respondent's motion to dismiss (ECF No. 17) be DENIED as moot;

3. Claim Two be dismissed as not cognizable in federal habeas; and

4. This case proceed on Claims One and Three.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 11, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE