UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILSON BARNETTE,<br>Petitioner,<br>v.<br>JANAN CAVAGNOLO,<br>Respondent. | No. 2:23-cv-2632 TLN AC P<br><br>REVISED FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 7 (petition). Numerous motions are pending in this case: ECF Nos. 17, 20, 26, 34, 35, 36, 37. For the reasons explained below, the only motions which must be addressed on the merits are respondent's motion to dismiss (ECF No. 17) and petitioner's motions for a stay (ECF Nos. 20 & 26).

I. Factual Background and Procedural History

A. State Court Conviction and Sentence

On June 30, 2015, petitioner was sentenced to a determinate term of five years for shooting at an occupied vehicle, an indeterminate term of twenty-five years to life for murder, life with the possibility of parole for attempted murder, and two terms of twenty-five years to life for firearm enhancements. ECF No. 16-1.

////

B. Direct Appeal

Petitioner, through counsel, appealed his conviction to the California Court of Appeal, Third Appellate District and the court affirmed his conviction but remanded the matter to permit the trial court to exercise its discretion concerning whether to strike or dismiss the firearm-discharge enhancements. ECF No. 16-2 at 26. Petitioner sought review in the California Supreme Court on the following grounds: (1) the trial court erred by not instructing the jury on the lesser offense of voluntary manslaughter; (2) the trial court erred by denying petitioner's motion for mistrial after jurors witnessed an incident between petitioner's family outside the courtroom; (3) the trial court erred by denying petitioner's motion to substitute appointed counsel; (4) trial counsel was ineffective when he failed to request a continuance to locate a potential witness; (5) there was insufficient evidence to sustain the conviction for attempted murder; (6) there was insufficient evidence to sustain the conviction for shooting at an occupied vehicle; and (7) alternate theory of conscious indifference cannot be used to affirm conviction for shooting at an occupied vehicle where theory was not presented to jury. ECF No. 16-3. On February 20, 2019, the California Supreme Court denied review. ECF Nos. 16-4.

On November 4, 2019, the trial court declined to strike the enhancements and petitioner's sentence remained as originally imposed. ECF No. 16-5. Petitioner appealed and on November 13, 2020, the Court of Appeal remanded the matter for the trial court to consider petitioner's post-sentencing behavior when determining whether to strike or dismiss the enhancements. ECF No. 16-6 at 4. On remand, the trial court declined to strike the enhancements, and the Court of Appeal affirmed the decision on January 22, 2024. ECF Nos. 16-7, 16-8.

Petitioner filed a petition for review with the California Supreme Court on the following grounds: (1) the trial court failed to weigh the rebuttable presumption that the enhancements should be stricken in furtherance of justice against evidence that dismissal would endanger public safety; (2) the trial court failed to exercise its discretion to consider mitigating witness statements that were presented for the first time in the pleadings on the motion; and (3) defense counsel was ineffective for failing to adequately apprise the court of the scope of its discretion. ECF No. 16-9. On April 17, 2024, the California Supreme Court denied review. ECF No. 16-10.

C. Federal Petition

The instant petition was originally filed as a civil rights action pursuant to section 1983 in which petitioner made allegations related to the constitutionality of his conviction. ECF No. 1. Petitioner was advised that he could only challenge the validity of his conviction in habeas corpus, and was given the options of proceeding with the action as a civil rights complaint or converting it to a habeas proceeding by filing an amended pleading styled as a petition for writ of habeas corpus. ECF No. 3. Petitioner then filed the instant petition seeking relief on the following grounds: (1) prosecutorial misconduct due to failure to disclose exculpatory evidence; (2) petitioner's sentence was unauthorized under state sentencing laws because he should not have been sentenced to full terms on each consecutive term; and (3) petitioner's Sixth Amendment right to confrontation was violated when hearsay testimony was introduced at trial. ECF No. 7.

Respondent filed a motion to dismiss the petition as unexhausted. ECF No. 17. Petitioner opposed the motion to dismiss, ECF No. 24, and moved for a stay and abeyance, ECF No. 20. Respondent opposed the motion for a stay. ECF No. 21. After briefing on both motions was complete, petitioner filed another motion to stay. ECF No. 26. In this motion petitioner stated that he had filed a petition in the California Supreme Court, assigned Case No. S291711, which raises the claims in the instant federal petition. ECF No. 26.

On December 11, 2025, the undersigned issued Findings and Recommendations which noted that the California Supreme Court had denied the putative exhaustion petition. ECF No. 28 at 4. Accordingly, it was recommended that the then-pending motions to dismiss and to stay all be denied as moot, and that the case proceed on Claims One and Three.[1] Id. at 5. On September 16, 2026, this recommendation was withdrawn. ECF No. 38. Between issuance and withdrawal of the December 2025 Findings and Recommendations petitioner filed four motions (ECF Nos. 34 through 27), all of which appear to seek some form of relief on the merits or to assert additional or expanded claims.

---

[1] It was recommended that Claim Two be dismissed as non-cognizable in federal habeas, as it challenged petitioner's sentence under state law. Id. at 5.

II. Motions to Dismiss and For a *Rhines* Stay

A. Parties' Positions

Respondent moves to dismiss the petition as unexhausted, because none of its claims had been presented to the California Supreme Court prior to filing in this court. ECF No. 17. Petitioner initially conceded that the petition was unexhausted at the time of its filing, but argued that the court can correct his unauthorized sentence at any time. ECF No. 24. Both prior and subsequently to filing his opposition to the motion to dismiss, petitioner moved for a stay under Rhines v. Weber, 544 U.S. 269 (2005). ECF Nos. 20, 26. Respondent opposed a Rhines stay. ECF No. 21. During the pendency of these motions, petitioner filed an exhaustion petition in the California Supreme Court which was ultimately denied. See ECF No. 28 at 4; ECF No. 31-1 & 31-2. Petitioner contends that his petition is now exhausted and should proceed. ECF No. 33. Respondent contends that the petition must be dismissed because it was wholly unexhausted at the time it was filed, and that subsequent exhaustion cannot avoid dismissal for non-exhaustion. ECF No. 32.

B. Applicable Legal Principles

1. The Exhaustion Requirement

The exhaustion of state court remedies is a condition precedent to federal habeas relief. See 28 U.S.C. § 2254(b)(1)(A) (no habeas relief may be granted unless "the applicant has exhausted the remedies available in the courts of the State" or an exception applies). Habeas petitioners are required to exhaust state remedies before seeking relief in federal court. Harbison v. Bell, 556 U.S. 180, 189 (2009). This requirement is not jurisdictional, however. Granberry v. Greer, 481 U.S. 129. 131 (1987). Non-exhaustion is a defense which can be waived, 28 U.S.C. § § 2254(b)(3), and an unexhausted claim may nonetheless be denied on the merits, § 2254(b)(2). A petitioner satisfies the exhaustion requirement by fairly presenting all federal claims to the highest state court before presenting them to the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted).

////

////

2. Stays Pending Further Exhaustion

Petitions including unexhausted claims may, under limited circumstances, be stayed in order to permit petitioners to return to state court to exhaust their unexhausted claims. In Rhines v. Weber, 544 U.S. 269, 278 (2005), the Supreme Court established a stay and abeyance procedure for so-called "mixed" petitions—those which contain both exhausted and unexhausted claims. The district court may stay a mixed petition if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-278. When a Rhines stay is granted, it preserves the filing date of the original federal petition as to the initially unexhausted claims, potentially saving them from becoming time-barred during the course of exhaustion. King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009) ("When implemented, the Rhines exception eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court throughout."). The Ninth Circuit has extended the availability of the Rhines procedure, under the standards announced in Rhines, to wholly unexhausted petitions. Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016).

C. Discussion

In this case it is undisputed that the federal petition was wholly unexhausted at the time it was filed. None of its three claims had been included in either of the petitions for California Supreme Court review that were filed as part of petitioner's state appellate process. Compare ECF No. 7 (federal habeas petition) at 5-6 with ECF No. 16-3 (first petition for review), ECF No. 16-9 (second petition for review). Accordingly, absent entitlement to a stay, the petition was subject to dismissal and subsequent exhaustion would not affect that result. See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (rejecting argument that district court erred in dismissing petition that was unexhausted at the time of filing but had been exhausted by the time of the district court's order).

Here petitioner moved for a stay under Rhines, supra, as permitted by circuit authority. See Mena, 813 F.3d 907, 912. Assuming without deciding that petitioner can avoid dismissal if

his motion for a Rhines stay was meritorious, the undersigned turns to that question.[2]

Petitioner's initial motion for a stay recites the Rhines standards, ECF No. 20 at 1, but makes no attempt to demonstrate good cause for his failure to previously exhaust, the potential merit of his claims, or his diligence in seeking relief. The motion acknowledges that petitioner had not filed any post-conviction collateral actions in the state supreme court, but does not explain why he failed to do so. Id. at 2. Respondent pointed out these deficiencies, ECF No. 21 (opposition), but petitioner did not file a reply. Petitioner's renewed motion for a stay, ECF No. 26, notified this court that petitioner had initiated state exhaustion proceedings. Once again, however, petitioner recited the Rhines requirements but did not explain how they were met. Id. at 2.

To satisfy Rhines' good cause standard, a petitioner must "set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). Here, petitioner has set forth no excuse at all. Nor has he made any showing whatsoever regarding his diligence, which is an independent requirement. The fact that a state petition was eventually filed during the pendency of this federal case does not, without more, establish diligence. Because petitioner has failed to establish good cause or show that he has not been dilatory, it is unnecessary for the court to examine whether his claims potentially have merit. See Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008) (failure to meet any one of Rhines' three requirements defeats the propriety of a stay).

Petitioner's motions for a stay pending exhaustion (ECF Nos. 20, 26) are moot, as his state court proceedings have concluded. See ECF No. 31-2 (California Supreme Court order

---

2 The motion for a stay is now moot and should be denied as such in light of the California Supreme Court's adjudication of the putative exhaustion petition. Nonetheless, if petitioner should have been granted a stay to permit that exhaustion (and did not receive a stay only because this court's crushing caseload prevented timely resolution of his motion), then it follows that the petition is not subject to dismissal based on its initial unexhausted status. Mena would be a dead letter were that not the case. Jiminez, supra, cannot support a different conclusion because it predates Rhines and Mena and did not involve a petitioner who had qualified for a stay. It appears to the undersigned that other pre-Mena authority compelling the dismissal of petitions that were unexhausted at the time of filing (see Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997) and Rasberry v. Garcia, 448 F.3d 1150 (9th Cir. 2006)) must be limited to situations in which the petitioner has failed to seek or satisfy the requirements for a Rhines stay.

dated November 12, 2025, denying exhaustion petition). It is clear, however, that petitioner was not entitled to a stay under Rhines and Mena at the time he sought one. Accordingly, even if Mena requires a limited exception to the general rule requiring dismissal of petitions which were wholly unexhausted at the time of filing, that exception does not apply here. Because petitioner filed a wholly unexhausted petition that was not eligible for stay and abeyance, the motion to dismiss must be granted. The present exhaustion status of the claims is irrelevant to this determination. See Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993) ("The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals."). All other pending motions in this case should be denied as moot.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 17) be GRANTED;

2. Petitioner's motions for a stay (ECF Nos. 20, 26) be DENIED as moot in light of the California Supreme Court's adjudication of his putative exhaustion petition;

3. Petitioner's motions for miscellaneous relief (ECF Nos. 34, 35, 36 and 37) be DENIED as moot;

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, she shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to

////

////

file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 23, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE